<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OM 309-311 6th STREET, LLC and OM 1101-1109 PALISADE AVENUE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF UNION CITY, UNION CITY RENT STABILIZATION BOARD AKA THE CITY OF UNION CITY RENT LEVELING BOARD, <br><br> Defendant. | Case No. 2:21-cv-12501 (BRM) (JRA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs OM 309-311 6th Street, LLC ("Sixth Street LLC") and OM

1101-1109 Palisade Avenue, LLC's ("Palisade Avenue LLC") (collectively, "Plaintiffs") motion

for dispositive relief[1] on Counts Five (Sixth Street LLC's action in lieu of prerogative writ) and

Six (Palisade Avenue LLC's action in lieu of prerogative writ) of the Amended Complaint

---

[1] Although Plaintiffs do not specifically identify their motion as a motion for summary judgment, the motion was filed with a "Statement of Material Facts" and portions of the record consistent with Federal Rule of Civil Procedure 56(a) and Local Civil Rule 56.1(a) (*see* ECF No. 131 at 1–9). The Court recognizes a motion for dispositive relief in an action in lieu of prerogative writ is typically filed under Rule 56. *See, e.g., Nat'l Amusements, Inc. v. Borough of Palmyra*, 843 F. Supp. 2d 538 (D.N.J. 2012), *aff'd*, 716 F.3d 57 (3d Cir. 2013); *Pasqua v. Cnty. of Hunterdon*, Civ. A. No. 15-3501, 2017 WL 5667999 (D.N.J. Nov. 27, 2017); *Feld v. Twp. of Millburn*, No. A-2494-23, 2025 WL 2474495 (N.J. Super. Ct. App. Div. Aug. 28, 2025). The Court also recognizes, however, such a motion is not reviewed under a summary judgment standard—*i.e.*, whether "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rather, such a motion is reviewed under a distinct standard requiring the Court to determine whether a municipal board decision was "arbitrary, capricious or unreasonable." *See supra* Section II; *accord Nat'l Amusements*, 843 F. Supp. 2d at 547; *Pasqua*, 2017 WL 5667999, at *7; *Feld*, 2025 WL 2474495, at *6.

requesting the Court to vacate Defendant the City of Union City Rent Stabilization Board a/k/a the City of Union City Rent Leveling Board's (the "Board") legal rent determinations dated April 12, 2021, and July 8, 2021, respectively. (ECF No. 131.) The Board filed an Opposition (ECF No. 132), and Plaintiffs filed a reply (ECF No. 133). This Court has jurisdiction pursuant to 42 U.S.C. § 1367(a).[2] Having reviewed and considered the parties' submissions filed in connection with the motions and having declined to hold oral argument in accordance with Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiffs' motion is **GRANTED**; the Board's legal rent determination dated April 12, 2021, is **VACATED**; the Board's legal rent determination dated July 8, 2021, is **VACATED**; and the matter is **REMANDED** to the Board for additional proceedings consistent with this Opinion.

## I.    BACKGROUND

The underlying procedural and factual history of this matter are set forth in this Court's March 23, 2022 opinion denying and granting Defendants' motions to dismiss in part. *See generally OM 309-311 6th St., LLC v. City of Union City*, Civ. A. No. 21-12051, 2022 WL 855769 (D.N.J. Mar. 23, 2022). As the parties are intimately familiar with the facts and procedural history of this matter, the Court incorporates the extensive procedural and factual background sections set forth in the prior opinion, *see id.* at *1–4, and recounts and supplements only the relevant portions herein.

---

[2] On March 23, 2022, this Court dismissed Counts One through Three but retained supplemental jurisdiction over the matter "as they form part of the same case or controversy as the plaintiffs' taking claim [(Count Four)]." *OM 309-311 6th St., LLC v. City of Union City*, Civ. A. No. 21-12051, 2022 WL 855769, at *16 (D.N.J. Mar. 23, 2022).

### A.    Factual Background[3]

Plaintiffs allege the Board reduced the "legal rent"[4] of 309-3011 6th Street tenant—Emilio Puente—and 1101-1109 Palisade Avenue tenant—Ramon Gracesqui—in conflict with the legal framework of Union City's Rent Leveling Ordinance (the "Ordinance"), Union City, N.J., Code ch. 334 (am. 2019) [hereinafter, "Code ch."]. *OM 309-311 6th St.*, 2022 WL 855769, at *1.

#### 1.    Sixth Street LLC

In January 2019, Sixth Street LLC purchased the multi-unit apartment building located at 309-3011 6th Street, Union City, New Jersey ("Sixth Street"). (ECF No. 131 ¶¶ 13–14; ECF No. 132 at 3.) In June 2019, Puente requested a legal rent determination relating to his apartment unit—Unit 1B. (*See* ECF No. 131-8; ECF No. 131 ¶ 20; ECF No. 132 at 3–4.) At the time, Unit 1B was leased at $996.05/month. (*See* ECF No. 132 at 3–4); *accord OM309-311*, 2022 WL 855769, at *2. The Rent Regulation Officer ("RRO")[5] subsequently issued a legal rent determination finding the appropriate legal rent was $764.73/month effective October 1, 2019. (*See* ECF No. 131-8; ECF

---

[3] The background facts are taken from the parties' respective statements of facts and accompanying exhibits. The Court notes the Board failed to provide separately numbered paragraphs responding to each paragraph of Plaintiffs' statement, indicating either agreement or disagreement with "citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a). Having failed to do so, the Court is entitled to deem each paragraph of Plaintiff's statement as undisputed for purposes of the pending motion. *See id.* Nevertheless, the Court has, through its best efforts, compared the parties' respective statements of facts and deem Plaintiffs' statements responded to the extent the Board directed its attention to a disagreement with a proper citation to the record in support of same.

[4] The "legal rent" is the maximum allowable rent a landlord can charge under a rent control ordinance. *Golden Crest 801 21st St., LLC v. Union City Rent Stabilization Bd.*, No. A-0905-21, 2023 WL 6785818, at *1 (N.J. Super. Ct. App. Div. Oct. 13, 2023).

[5] Section 334-5(A)(3)(k) requires the RRO to calculate the legal rent. Although neither the parties nor the record specifically identifies Nilda Mercado as the RRO, the record establishes Mercado was the individual who calculated Unit 1B's legal rent. (*See* ECF No. 131-8; *accord* 131-17 at 64:16 to 65:13.)

No. 131 ¶¶ 20, 22, 21; ECF No. 132 at 3–4.) On December 12, 2019, the RRO notified Sixth Street LLC of its determination, which Sixth Street LLC timely appealed.[6] (ECF No. 131-8; ECF No. 131 ¶¶ 20, 22–24; ECF No. 132 at 3–4.)

On February 10, 2020, the Board heard Sixth Street LLC's appeal. (ECF No. 131 ¶ 24; ECF No. 132 at 4–6; *see generally* ECF No. 131-10.) During the hearing, Sixth Street LLC noted the legal rent determination was based on the premise that the most recent vacancy of Unit 1B occurred in 1987, and presented rent registration statements allegedly demonstrating a more recent vacancy in 1999. (ECF No. 131 ¶¶ 25–28, 36 (citing ECF No. 131-6); ECF No. 132 at 4–6.) Based on the alleged 1999 vacancy, Sixth Street LLC calculated a base rent of $463.86/month, which it argues establishes the appropriate legal rent is $904.23/month effective October 1, 2019.[7] (*See* ECF No. 131 ¶ 27; ECF No. 132 at 4–6; ECF No. 131-7.)

In response, the Board found the rent registration statements to be unreliable to establish a vacancy in Unit 1B in 1999. (ECF No. 131 ¶¶ 24–29; ECF No. 132 at 6–7.) Notably, the relevant rent registration statements were unsworn and included a disclaimer disclaiming the reliability of the statements to determine the legal rent. (ECF No. 131 ¶¶ 24–29; ECF No. 132 at 6–7; *see* ECF No. 131-6.) Based on the absence of a rental agreement or receipt for the relevant time period, the

---

[6] The Board claims the RRO initially issued notice of the legal rent determination on August 30, 2019. (ECF No. 132 at 4 (citing 132-1 at 65, Ex. D).) On June 18, 2019, the RRO issued notice to the prior landlord of a legal rent determination of $751.94/month effective September 1, 2018. (ECF No. 132 at 4 (citing ECF No. 132-1 at 7, Ex. B).) On August 30, 2019, the RRO notified Sixth Street of the rent overcharge, which did not include the legal rent determination. (ECF No. 132-1 at 65, Ex. D.) On December 12, 2019, the RRO first notified Sixth Street LLC of the legal rent determination of $764.73/month effective October 1, 2019. (ECF No. 131-8.)

[7] Although Sixth Street LLC repeatedly claims in its motion the proposed appropriate legal rent is $940.23/month (*see, e.g.*, ECF No. 131 ¶¶ 19, 22, 28 (citing ECF No. 131, Ex. I)), the record establishes the actual proposed appropriate legal rent is $904.23/month (*see* ECF No. 131-10, Ex. I at 17; *see also* ECF No. 17 ¶ 84).

Board upheld the legal rent calculation of $764.73/month based on the 1987 vacancy, but waived the alleged rent overcharge owed to Puente. (*See* ECF No. 131 ¶¶ 24–29; ECF No. 132 at 6–7.) On July 13, 2020, the Board issued a resolution memorializing its decision (the "2020 Sixth LRD"), which neither Sixth Street LLC nor Puente appealed. (ECF No. 131 ¶¶ 30–31; ECF No. 132 at 6–7; *see* ECF No. 131-9.)

On November 25, 2020, Puente filed a request for reconsideration of the 2020 Sixth LRD, specifically the Board's waiver of the alleged rent overcharge owed to him. (ECF No. 131 ¶ 32; ECF No. 132 at 7; *see generally* ECF No. 131-11.) On March 8, 2021, the Board heard Puente's request for reconsideration. (ECF No. 131 ¶ 35; ECF No. 132 at 7–8; *see generally* ECF No. 131-12.) During the hearing, Sixth Street LLC argued: (a) the Board does not have the authority to hear the request for reconsideration as the request was not timely filed (*see* ECF No. 131-12 at 7–8, 34); (b) the Board does not have the authority to impose rent overcharge as the relevant statute was issued following Sixth Street LLC's purchase of the property and the statute does not apply retroactively (*see* ECF No. 131-12 at 36–37); and (c) the rent registration statements establish the most recent vacancy to have occurred in 1999 (*see* ECF No. 131-12 at 8–9, 37; *accord* ECF No. 131 ¶¶ 33–36; ECF No. 132 at 7).

In response, the Board found the 2020 Sixth LRD was based on a legal error as it did not have the authority to waive the rent overcharge under Section 334-5(A)(3)(k) of the Ordinance. (*See* ECF No. 131-12 at 78–80, 82–84; ECF No. 131 ¶ 38; ECF No. 132 at 7.) Therefore, the Board found Sixth Street LLC owed a rent overcharge totaling $16,113.08. (ECF No. 131-12 at 88–92; ECF No. 131 ¶ 38; ECF No. 132 at 4, 7–8.) On April 12, 2021, the Board issued a resolution memorializing its decision (the "2021 Sixth LRD"). (ECF No. 131 ¶ 38; ECF No. 132 at 4, 7–8; ECF No. 131-13.)

### 2. Palisade Avenue LLC

In January 2019, Palisade Avenue LLC purchased the multi-unit apartment building located at 1101-1109 Palisade Avenue, Union City, New Jersey ("1101 Palisade Avenue"). (ECF No. 131 ¶¶ 13, 39; ECF No. 132 at 9.) In June 2019, Gracesqui requested a legal rent determination relating to his apartment unit—Unit 2. (*See* ECF No. 131 ¶¶ 40, 46; ECF No. 132 at 9; ECF No. 131-15.) At the time, Unit 2 was leased at $1,650/month. (ECF No. 131 ¶¶ 40–42; ECF No. 132 at 9.) The RRO[8] subsequently determined the appropriate legal rent was $1,041.49/month effective October 1, 2019. (*See* ECF No. 131-15; ECF No. 131 ¶ 46; ECF No. 132 at 9.) On August 11, 2020, the RRO notified Palisade Avenue LLC of its determination, which Palisade Avenue LLC timely appealed. (ECF No. 131-15; ECF No. 131 ¶¶ 46–47; ECF No. 132 at 9.)

On May 24, 2021, the Board heard Palisade Avenue LLC's appeal. (ECF No. 131 ¶ 48; ECF No. 132 at 9–11; *see generally* ECF No. 131-17.) During the hearing, Palisade Avenue LLC noted the legal rent calculation ignored a 2016 legal rent determination in conflict with Section 334-5(A)(3)(k) of the Ordinance (the "2016 Palisade LRD"). (See ECF No. 131-17 at 6–9, 115–18; ECF No. 131 ¶¶ 43–45, 49; ECF No. 132 at 9–11.) In response, the Board found the 2016 Palisade LRD was not related to the subject property of 1101 Palisade Avenue but rather was related to the adjacent property of 1103 Palisade Avenue.[9] (ECF No. 131-17 at 121–29; ECF No. 131 ¶ 50; ECF No. 132 at 11–12.) In support of same, the Board noted the 2016 Palisade LRD was

---

[8] Section 334-5(A)(3)(k) requires the RRO to calculate the legal rent. Although neither the parties nor the record specifically identifies Yoelis Marte as the RRO, the record establishes Marte was the individual who calculated Unit 2's legal rent. (*See* ECF No. 131-17 at 64:16–65:13.)

[9] The Board does not claim, nor does the record suggest, the 2016 Palisade LRD was issued in response to a request for a 1103 Palisade Avenue tenant's request for a legal rent determination. (*See generally* ECF No. 132.) The record suggests the 2016 Palisade LRD was issued in response to a request from the prior Unit 2 tenant but was erroneously based on the 2013 RURA. (*See* ECF No. 131-17 at 33:24 to 35:19.)

calculated based on a rental unit renovation allowance application filed in 2013 (the "2013 RURA"), which did not relate to the property of 1101 Palisade Avenue but rather related to the property of 1103 Palisade Avenue. (ECF No. 132 at 10–12; ECF No. 131 ¶ 50.) Based on the alleged absence of a more recent legal rent determination, the Board upheld the legal rent calculation of $1,041.49/month. (ECF No. 131-17 at 121–29; ECF No. 131 ¶ 52; ECF No. 132 at 11–12.) On July 8, 2021, the Board issued a resolution memorializing its decision (the "2021 Palisade LRD"). (ECF No. 131 ¶ 52; ECF No. 132 at 11–12; ECF No. 131-18.)

### B.    Procedural History

On June 14, 2021, Sixth Street LLC filed its Complaint, alleging five causes of action against Union City, the Board, its members, the city's mayor, and other city officials. (*See generally* ECF No. 1.) On August 21, 2021, the pleading was amended to add Palisade Avenue LLC; the Stella on Park, LLC; Golden Crest 3347 Park Avenue, LLC; OM 422-426 5th Street, LLC; OM 309-315 11th Street, LLC; and OM 812 York Avenue, LLC, as additional plaintiffs and Yoelis Marte as an additional defendant. (*See* ECF No. 17.) The Amended Complaint also added Count Six appealing the Board's denial of OM 1101-1109 Palisade Avenue's appeal. (*See* ECF No. 17 ¶¶ 260–61.) In response, Defendants filed motions to dismiss (*see generally* ECF No. 30; ECF No. 31; ECF No. 32), which Plaintiffs opposed (*see generally* ECF No. 37).

On March 23, 2022, the Court denied in part and granted in part the motions to dismiss. *See OM 309-311 6th St.*, 2022 WL 855769, at *17. Specifically, the Court dismissed Counts One, Two, and Three, effectively dismissing Plaintiffs the Stella on Park, LLC; Golden Crest 3347 Park Avenue, LLC; OM 422-426 5th Street, LLC; OM 309-315 11th Street, LLC; and OM 812 York Avenue, LLC and the individual defendants from the matter. *See ibid.* The Court, however,

declined to dismiss Counts Four, Five, and Six, preserving for discovery: Plaintiffs' Takings Clause claim against Union City; and Plaintiffs' respective appeals against the Board. *See ibid.*

After numerous extensions, discovery ultimately concluded in this matter on December 13, 2024. (*See* ECF No. 121; ECF No. 124.) Although the Court ordered the parties to complete mediation before a Court appointed mediator (*see* ECF No. 126), on February 11, 2025, the parties advised the Court they had failed to complete same (*see* ECF No. 127). Pursuant to the parties' position that settlement is untenable at this juncture and request to proceed with dispositive motion practice, the Court ordered a briefing schedule (*see* ECF No. 128), which was subsequently extended (*see* ECF No. 129; ECF No. 130).

On May 29, 2025, Plaintiffs filed a motion for dispositive relief as to Counts Five and Six of the Amended Complaint. (*See generally* ECF No. 131.) The Board filed an Opposition (*see generally* ECF No. 132); and Plaintiffs filed a Reply (*see generally* ECF No. 133).

## II. LEGAL STANDARD

Prerogative writ review is permitted under the New Jersey State Constitution, *see* N.J. Const. Art. VI, § 5 ¶ 4, and implemented under the New Jersey Rules of Court, *see* N.J. Ct. R. 4:69-1 to -7. *Accord OM 309-311*, 2022 WL 855769, at *16 (citing *Rivkin v. Dover Twp. Rent Leveling Bd.*, 671 A.2d 567, 581 (N.J. 1996)). Although such actions are typically brought in the New Jersey Superior Court, "federal courts have occasionally heard them under their supplemental jurisdiction." *OM 309-311*, 2022 WL 855769, at *16.

An action in lieu of prerogative writ "permits a court [to] set aside a municipal board decision if it is shown to be arbitrary, capricious or unreasonable, not supported in the evidence, or otherwise contrary to law." *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 63 (3d Cir. 2013) (alteration in original) (internal quotation marks omitted) (quoting *Rivkin*, 671 A.2d at

8

580–81). "[A] court reviewing an action under this standard applies a test of 'essentially . . . rational basis.' Arbitrary and capricious action . . . means willful and unreasoning action, without consideration and in disregard of circumstances." *Id.* (quoting *Worthington v. Fauver*, 440 A.2d 1128, 1139 (1982)). Stated another way, "[w]here there is room for two opinions, [a] [decision] is [valid] when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached." *Id.* (quoting *Worthington*, 440 A.2d at 1139); *see also Price v. Himeji, LLC*, 69 A.3d 575, 587 (N.J. 2013) (holding a municipal board decision "enjoy[s] a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion").

The Court, however, need not defer to a municipal board's interpretation of an ordinance. *Dunbar Homes, Inc. v. Zoning Bd. of Adjustment*, 187 A.3d 142, 149 (N.J. 2018). An interpretation of an ordinance is a question of law and, therefore, "is subject to a de novo review." *Id.* "In construing the language of an ordinance, it is well established that courts apply the same rules of judicial construction as they apply when construing statutes." *AMN, Inc., of N.J. v. Twp. of S. Brunswick Rent Leveling Bd.*, 461 A.2d 1138, 1141 (N.J. 1983) (citing *Camarco v. City of Orange*, 295 A.2d 353, 354 (N.J. 1972); 1A Sands, *Sutherland, Statutory Construction* § 30.06 (4th ed. 1972)). Therefore, the Court is required to interpret an ordinance "in light of the language used and the objects sought to be achieved." *Paff v. Byrnes*, 897 A.2d 1136, 1139 (N.J. Super. Ct. App. Div. 2006) (quoting *Twp. of Pennsauken v. Schad*, 733 A.2d 1159, 1166 (N.J. 1999)); *see also In re Petition for Referendum on City of Trenton Ordinance 09–02*, 990 A.2d 1109, 1115 (N.J. 2010) (requiring the Court to "look first to the plain language of the [ordinance], seeking further guidance only to the extent that the [governing body's] intent cannot be derived from the words that it has chosen" (internal quotations omitted)); *O'Connell v. State*, 795 A.2d 857, 859 (N.J. 2002) (stating

the Court "may neither rewrite a plainly-written enactment of the [governing body] nor presume that the [governing body] intended something other than that expressed by way of the plain language" (internal quotation marks omitted)); *but see Burnett v. Cnty. of Bergen*, 968 A.2d 1151, 1158 (N.J. 2009) (holding an ordinance "must be read in [its] entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole" (internal quotation marks omitted)).

## III.   DECISION

Plaintiffs request prerogative writ review of the Board's 2021 Sixth LRD and 2021 Palisade LRD. (*See generally* ECF No. 131.) Specifically, Plaintiffs contest the Board's authority under the legal framework of the recently added provisions of Sections 334-5(A)(3)(k) and 334-8. (*See* ECF No. 131 at 13–16; ECF No. 132 at 14–20.) This case presents an issue of first impression.[10]

### A.     The Ordinance Legal Framework

In 1973, the Ordinance was first adopted, which has been amended numerous times over the years. *OM 309-311*, 2022 WL 855769, at *1. In 1996, Union City amended the Ordinance adding a decontrol provision allowing "the base rent to be reset to the market-rate rent if any rent-controlled unit became vacant." *Ibid.* In 2013, the Ordinance was again amended removing the "vacancy decontrol" provision. (ECF No. 131 at 2 n.2; ECF No. 132 at 15 n.5). Between 2013 and 2023, the Ordinance was further amended.[11]

---

[10] When asked to interpret an ordinance provision absent guidance from the New Jersey Supreme Court, the Court's task "is to predict how the [New Jersey] Supreme Court would rule on this question of New Jersey law." *See Roma v. United States*, 344 F.3d 352, 361 (3d Cir. 2003). Because the New Jersey Supreme Court has not interpreted the relevant provisions, the Court will resolve the interpretation questions presented here in the manner it believes the New Jersey Supreme Court would.

[11] In support of the Motion and Opposition, the parties rely on the 1996 and 2019 ordinances and have failed to provide copies of the Ordinance as amended in 2013 or after. (*See generally* ECF

Relevant to this matter, Section 334-4 states:

> E. Powers of the Board. The [Board] is hereby granted and shall
> have and exercise all the powers necessary and appropriate to
> carry out and execute the purposes of this chapter, including, but
> not limited to, the following:
>
> . . . .
>
> > (3) To hold hearings and adjudicate applications from
> > landlords for adjustments or additional rental, as herein
> > provided.
> >
> > (4) To hold hearings and adjudicate applications from
> > tenants for adjustment or reduced rental, as herein
> > provided.
> >
> > (5) To approve and accept a settlement or other agreement
> > on the subject matter of a dispute between a landlord and
> > tenant.
> >
> > (6) To require a landlord to produce for examination his/her
> > books, records, tax returns, balance sheets, profit and
> > loss statements and such other records as the Board may
> > require in connection with any application, hearing,
> > proceeding or purpose, as set forth herein.
> >
> > (7) The [Board], upon an application by a landlord or tenant
> > or upon its own motion, may set a date for a hearing,
> > consider proofs and grant, deny, modify or otherwise
> > adjust all rentals, by increasing or decreasing same, and
> > the Board may make such determinations as to

---

No. 131; ECF No. 132; ECF No. 133.) Relevant to this matter, the Ordinance was amended to include additional language in Section 334-5 and 334-8 between 1996 and 2019. (*Compare generally* ECF No. 131-3, *with* ECF No. 131-4.) The record establishes the Ordinance was at a minimum amended in 2013 (ECF No. 131 at 2 n.2; ECF No. 132 at 15 n.5), 2017, 2018, 2019, *Willow Ridge Apartments, LLC v. Union City Rent Stabilization Bd.*, No. A-3578-20, 2022 WL 2525243, at *2–3 (N.J. Super. Ct. App. Div. July 7, 2022), and 2023 (ECF No. 132 at 15 n.5). Although the record suggests the relevant language was added to Section 334-5 in 2019 (*see* ECF No. 131-12 at 36–37), the record does not offer any indication as to when the relevant language may have been added to Section 334-8 (*see generally* ECF No. 131; ECF No. 132; ECF No. 133). As neither party argues the relevant language does not apply as amended in 2019, the Court finds the date in which the language was added is not material to its determination. (*But see* ECF No. 131-12 at 36–37 (arguing below Sixth Street LLC purchased the property prior to the amendment in 2019 and the added language under Section 334-5(A)(3)(k) does not apply retroactively)).

conditions, services, equipment, terms and related matters pertaining to rentals and controlled premises as may be warranted within the intent and purview of this chapter and applicable state laws.

Section 334-5(A) states:

(3) Duties. The duties of the Rent Regulation Officer shall be as follows:

. . . .

(e) To accept and process complaints from tenants of illegal rental increases and to investigate such complaints prior to any decision being rendered.

(f) To accept, process, review and investigate applications from landlords for rental increases or surcharges under the hardship increase or capital improvement recovery sections of this chapter.

. . . .

(k) To conduct rent calculations to determine the correct rent to be applied to a dwelling unit. In making his or her calculation, the [RRO] shall utilize the earliest recorded rent registration filed with the Rent Control Office or, in the event a rent calculation was performed by the Rent Control Office, the most recent rent calculation performed by the Office. The permissible annual adjustments will be applied to the rent set forth on the first registration statement or rent calculation. There shall be no rent increase applied to the rent for those years that the landlord failed to file a registration statement. This provision is retroactive to the date of the first registration statement filed with the Rent Control Office. In addition to conducting a rent calculation, the [RRO] shall determine whether there was an overcharge in rent to the tenant as a result of the illegal rent. In the event there was an overcharge, the landlord shall refund to the tenant the amount of the overcharge, within 10 days of notice from the [RRO], or from any appeal from the [RRO]'s determination. In the event a refund is not made within 10 days, the [Board] and its agents may authorize the tenant to take the refund as a credit against future rent or, in the alternative, file a civil action in the

Superior Court for damages. Any overcharge rent calculation by the [RRO]shall run with the property and, in the event the property is sold, the successor owner shall also be responsible for the refund.

. . . .

(6) Determination. Any determination of the Rent Regulation Officer under this section or such duties as may be delegated to him/her by the Rent Stabilization Board, by regulation, will be rendered by the officer, in writing.

(7) Appeal.

(a) In the event an affected party wishes to appeal that determination, that party shall have 30 calendar days from the date of that decision to file a formal appeal of the determination with a fee as set forth in Chapter 155, Fees, of the Code of the City of Union City for each unit which is the subject of the appeal. The notice of appeal shall be forwarded to the Rent Leveling Office by ordinary and certified mail within that thirty-day period.

(b) Upon receipt of the notice of appeal setting forth in detail the grounds for the appeal and the required fee, the matter shall be placed upon the [Board] agenda at the earliest convenient date for determination. During the pendency of the appeal, the rent for the subject unit shall be the rent as established by the [RRO].

Section 334-8 states:

Either the landlord or a tenant may appeal the decision of the Rent Stabilization Board. All decisions of the Board are final. Any landlord or tenant wishing to appeal the decisions of the Board may do so in the Superior Court of New Jersey pursuant to its rules and procedures. The Board, on its own motion, may reconsider any of its prior determinations, or those of the Rent Regulation Officer, upon a finding that there is new evidence not readily available at the time of the prior determination.

Interpreting the Ordinance pursuant to a plain reading of these provisions in light of "the objects sought to be achieved," *Paff*, 897 A.2d at 1139, the Ordinance provides the following legal framework. Upon request, the RRO is authorized to investigate a tenant's complaint of an illegal

rent increase and to determine the appropriate legal rent to be applied to the rental unit. Code ch. § 334-5(A)(3)(e), (k). Section 334-5(A)(3)(k) requires the RRO to calculate the appropriate legal rent utilizing either "the most recent rent calculation performed by the [Rent Control] Office" or "the earliest recorded rent registration filed with the Rent Control Office." *Id.* If the RRO determines a rent decrease to be appropriate, the RRO is required to notify the landlord of the RRO's legal rent determination and the rent overcharge. *Id.* Upon receipt of the RRO's legal rent determination, the landlord must either: refund the tenant the rent overcharge within ten days, *id.*, or appeal the legal rent determination to the Board within thirty days, *id.* § 334-5(A)(7)).

On appeal, the Board has broad authority to adjudicate the rent dispute, including, but not limited to, the authority to conduct hearings, to require the production of proofs for consideration, and to issue a legal rent determination. *See generally id.* § 334-4(E) (authorizing the Board with "all the powers necessary and appropriate to carry out and execute the purposes of [the rent control ordinance]"); *see also id.* § 334-4(E)(3) to (4), (7) (authorizing the Board to conduct hearings); *id.* § 334-4(E)(6) to (7) (authorizing the Board to require a landlord to produce for examination and consideration proofs); *id.* § 334-4(E)(7) (authorizing the Board to adjust the legal rent imposing such conditions or terms "as may be warranted"); *id.* § 334-4(E)(5) (authorizing the Board to otherwise approve an agreement between the parties to adjust the legal rent). Notably, the Board's authority under Section 334-4(E) is not limited under Section 33-5(A)(3)(k).[12] The Board's

---

[12] The record establishes the Board reconsidered the 2020 Sixth LRD based on its belief Section 334-5(A)(3)(k) limited the Board's authority to waive the rent overcharge refund. (*See* ECF No. 132 at 14, 16–18; *see also* ECF No. 131-12 at 128:25 to 129:19.) Section 334-5(A)(3)(k), however, neither imposes on the Board an obligation nor limits how it is to exercise its broad powers under Section 334-4(E). Code ch. § 334-5(A)(3)(k) (merely stating the Board "may" authorize the tenant either "to take the refund as a credit" or "file a civil action in the Superior Court").) Had the City of Union intended same, it would have amended Section 334-4 (Rent Stabilization Board) to include such language rather than Section 334-5 (Board Staff). *Compare id.* at § 334-4, *with id.* at § 334-5. Rather, Section 334-5(A)(3)(k) merely imposes on the landlord the obligation to refund

determinations are presumed valid and will not be set aside unless found to be "arbitrary, capricious, and unreasonable." *See Rivkin*, 671 A.2d at 581.

If the Board determines a rent overcharge refund to be appropriate, upon receipt of the Board's legal rent determination, the landlord must either: refund the tenant the rent overcharge within ten days of the notice of the Board's determination, Code ch. § 334-5(A)(3)(k)); or appeal the Board's decision to the Superior Court of New Jersey within forty-five days, *id.* § 334-8; *see also* N.J. Ct. R. 4:69-6(b)(3). If the landlord fails to either refund the tenant the rent overcharge or appeal the Board's determination, the Board may "authorize the tenant to take the refund as a credit against future rent or, in the alternative, file a civil action in the Superior Court for damages." Code ch. § 334-5(A)(3)(k). Alternatively, if the Board does not determine a rent overcharge refund to be appropriate, upon receipt of the Board's legal rent determination, the tenant may appeal the Board's decision to the Superior Court of New Jersey within forty-five days. *Id.* § 334-8; *see also* N.J. Ct. R. 4:69-6(b)(3).

Although the Board is provided with broad authority to adjudicate a rent dispute and to issue a legal rent determination in the first instance, *see generally id.* § 334-4(E), the Board is provided with limited authority to reconsider a prior legal rent determination, *see id.* § 334-8. Section 334-8 states "[t]he Board, on its own motion, may reconsider any of its prior determinations, or those of the [RRO], *upon a finding* that there is new evidence not readily

---

an overcharge within ten days of notice of a notice of same. *Id.* § 334-5(A)(3)(k). It only imposes such an obligation, however, if the Board notifies the landlord of a rent overcharge. *See id.* (stating "[i]n the event there was an overcharge".) Here, the Board waived the overcharge pursuant to its broad authority under Section 334-4(E) and did not notify Sixth Street LLC of a rent overcharge triggering the obligation for Sixth Street LLC to refund same within ten days pursuant to Section 334-5(A)(3)(k). (*See* ECF No. 131-9 at 1 (waiving "any overcharges that might be due").) Therefore, the Board's authority to waive a rent overcharge refund neither deviates from nor conflicts with Section 334-5(A)(3)(k).

available at the time of the prior determination." (emphasis added.) Stated another way, absent a finding of "new evidence," the Board is barred from reconsidering a prior legal rent determination. *See id.* § 334-8.

### B.    Sixth Street LLC

Sixth Street LLC argues the 2021 Sixth LRD was arbitrary, capricious, and unreasonable as it deviated from the Ordinance's legal framework. (*See generally* ECF No. 131 at 13–15.) Specifically, Sixth Street LLC claims the Board deviated from same based on its reconsideration of the 2020 Sixth LRD absent a finding of "new evidence" in support of same; and failure to utilize in its decision upholding the RRO's legal rent calculation the rent registration statements allegedly establishing a vacancy in Unit 1B in 1999.[13] (*See* ECF No. 131 at 13–15; *see also* ECF No. 131 at ¶ 33.) In response, the Board argues the 2021 Sixth LRD was not arbitrary, capricious, or unreasonable as the Board was not required to find there was "new evidence" as the reconsideration was intended to correct a deviation in the 2020 Sixth LRD—the waiver of the rent overcharge allegedly in conflict with Section 334-5(A)(3)(k). (*See* ECF No. 132 at 14, 16–18.) The Board also argues its decision not to utilize the rent registration statements was factually supported (ECF No. 132 at 15–16); and Sixth Street LLC cannot appeal the legal rent calculation as it failed to appeal same when initially decided in the 2020 Sixth LRD in the time permitted under New Jersey Court Rule 4:69-6(b)(3) (*id.* at 14–15).[14] The Court considers each argument in turn.

---

[13] Although raised below (*see* ECF No. 131-12 at 36–37), Sixth Street LLC does not argue the imposition of a rent overcharge refund does not apply retroactively under Section 334-5(A)(3)(k) (*see generally* ECF No. 131 at 13–15).

[14] In a footnote, the Board also argues the tenants are necessary or indispensable parties under Federal Rule of Civil Procedure 19 or New Jersey Court Rule 4:28-1. (ECF No. 132 at 9 n.3.) The Court declines to consider this argument, however, as the Board failed to adequately argue same.

### 1.    The Board's Reconsideration of the 2020 Sixth LRD

The Court finds the Board did not have the authority to reconsider the 2020 Sixth LRD and to reinstate the rent overcharge absent a finding of "new evidence" in support of same. Although the Ordinance provides the Board with broad authority to adjudicate rental disputes in the first instance, *see generally* Code ch. § 334-4(E), the Ordinance provides the Board with limited authority to reconsider a previously adjudicated determination, *see id.* § 334-8. Section 334-8 is the sole provision authorizing reconsideration of a prior determination, *see generally id.* § 334, which bars the Board from reconsidering same absent a finding of "new evidence not readily available at the time of the prior determination," *see id.* § 334-8. Therefore, pursuant to a plain reading of the Ordinance, the Board is barred from reconsidering a prior legal rent determination absent a finding of "new evidence" in support of same. *See id.*

Here, the Board does not claim there exists "new evidence" in support of its reconsideration of the 2020 Sixth LRD. (*See generally* ECF No. 132.) Rather, the Board claims it reconsidered the 2020 Sixth LRD to correct an alleged deviation from the Ordinance. (*See* ECF No. 132 at 17 (stating "[t]he Board recognized its prior legal error and had an obligation to correct it").) Notably, the Board does not cite to any provision or caselaw in support of its argument that it had the authority to reconsider the 2020 Sixth LRD absent a finding of "new evidence" to correct an alleged deviation. (*See* ECF No. 132 at 14–18.) Nor has this Court found such authority. *See generally* Code ch. § 334. If the 2020 Sixth LRD contained a legal error, either Sixth Street LLC or Puente should have appealed the determination upon receipt of same. *Id.* § 334-5(A)(7). Having

---

*See John Wyeth & Bro. Ltd. v. CIGNA Int''l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."); *see also Casco v. Ponzios RD, Inc.*, Civ. A. No. 16-2084, 2021 WL 3124321, at *5 (D.N.J. July 23, 2021) ("Because Plaintiffs' argument . . . was only . . . , at best, vaguely referenced in a footnote in Plaintiffs' Opening Memorandum, this issue was waived.").

failed to do so, the Board may not reconsider the determination absent a finding of "new evidence" as means to circumvent the time constrictions allocated under New Jersey Court Rule 4:69-6(b)(3). *See id.* § 334-8. Therefore, as the Board did not find "new evidence" in support of its reconsideration of the 2020 Sixth LRD, the Court finds the Board did not have the authority to reconsider same to reinstate the rent overcharge.

Having determined the Board did not have the authority to reconsider the 2020 Sixth LRD absent a finding of "new evidence" in support of same, the Court need neither review nor determine whether the Board's failure to utilize in its decision upholding the RRO's legal rent calculation the rent registration statements was arbitrary, capricious, and unreasonable, or whether Sixth Street LLC's appeal of the legal rent calculation was timely filed under New Jersey Court Rule 4:69-6(b)(3). *But see Golden Crest 801 21st St., LLC v. Union City Rent Stabilization Bd.*, No. A-0905-21, 2023 WL 6785818, at *4 (N.J. Super. Ct. App. Div. Oct. 13, 2023) (holding rent registration statements are insufficient to establish the legal rent absent corroborating evidence, "such as a lease or proof of payment").

Accordingly, Sixth Street LLC's motion is **GRANTED**; the 2021 Sixth LRD is **VACATED**; and the matter is **REMANDED** to the Board for additional proceedings consistent with this Opinion.

### C.    Palisades Avenue LLC

Palisade Avenue LLC argues the 2021 Palisade LRD was arbitrary, capricious, and unreasonable as it deviated from the Ordinance's legal framework. (*See generally* ECF No. 131 at 15–16.) Specifically, Palisade Avenue LLC claims the Board failed to utilize the most recent legal rent determination—the 2016 Palisade LRD—in its decision to uphold the RRO's legal rent calculation in conflict with Section 334-5(A)(3)(k). (ECF No. 131 at 15–16.) In response, the

Board argues it was not required to utilize the 2016 Palisade LRD as it found the determination did not relate to 1101 Palisade Avenue but rather related to 1103 Palisade Avenue, and, therefore, "declined to rely upon [the] facially defective [determination] and, instead, calculated the legal rent based on the last accurate [determination]." (ECF No. 132 at 19–20.)

The Court finds the Board did not have the authority to "decline" the 2016 Palisade LRD absent a finding of "new evidence" in support of same. Although the Ordinance permits an RRO to investigate a tenant's complaint prior to calculating the legal rent, Code ch. § 334-5(A)(3)(e), it requires the RRO to calculate the legal rent utilizing "the most recent rent calculation performed by the [Rent Control] Office," *id.* § 334-5(A)(3)(k). The Ordinance does not provide an RRO with any authority to reconsider the most recent legal rent determination. *See generally id.* § 334-5.

In contrast, Section 334-8 does provide the Board with the authority to reconsider a prior legal rent determination "upon a finding that there is new evidence not readily available at the time of the prior determination." As noted above, Section 334-8 is the sole provision authorizing reconsideration of a prior legal rent determination, *see generally id.* § 334, which applies to legal rent determinations issued by either the RRO or the Board, *see id.* § 334-8. Therefore, pursuant to a plain reading of the Ordinance, the Board is barred from reconsidering the most recent legal rent determination absent a finding of "new evidence" in support of same. *See id.*

Here, although the Board couches its argument claiming it "declined" rather than "reconsidered" the 2016 Palisade LRD (*see* ECF No. 132 at 18–21), the Court notes the Board could not have found the determination was "mistakenly" calculated without having first "reconsidered" the calculation (*see, e.g.*, ECF 132 at 18–20; *see also, e.g.*, ECF 131-17 at 141:17 to 22; 131-18). Therefore, the Board did not have the authority to "decline" the 2016 Palisade LRD absent a finding of "new evidence" in support of same. *See* Code ch. § 334-8.

Notably, the Board does not claim there exists "new evidence" in support of its reconsideration of the 2016 Palisade LRD. (*See generally* ECF No. 132.) Nor does the record suggest there exists any "new evidence" to support same. Although the Board claims the 2016 Palisade LRD was mistakenly calculated based on the 2013 RURA, which allegedly did not relate to the property of 1101 Palisade Avenue but rather related to the property of 1103 Palisade Avenue (*see, e.g.*, ECF No. 131-18), the 2016 Palisade LRD directly references the 2013 RURA. (ECF No. 131-14 (stating "RURA Effect 12/01/13").) Therefore, the fact the 2016 Palisade LRD utilized the 2013 RURA in support of its legal rent calculation cannot constitute "new evidence," as the 2013 RURA was both readily available and directly utilized at the time the 2016 Palisade LRD was determined. *See* Code ch. § 334-8. If the 2016 Palisade LRD was in fact mistakenly calculated, either the prior landlord or the prior tenant should have appealed the determination upon receipt of same. *Id.* § 334-5(A)(7). Having failed to do so, the Board may not reconsider the determination now absent a finding of "new evidence" in support of same. *See id.* § 334-8. Therefore, as the Board did not find "new evidence" in support of its reconsideration of the 2016 Palisade LRD, the Court finds the Board did not have the authority to "decline" to utilize the 2016 Palisade LRD in its legal rent calculation.

Having determined the Board did not have the authority to reconsider the 2016 Palisade LRD absent a finding of "new evidence" in support of same under Section 334-8, the Court need neither review nor determine whether the Board is required to utilize the most recent legal rent determination under Section 334-5(A)(3)(k).[15]

---

[15] As noted above, Section 334-5(A)(3)(k) neither imposes on the Board an obligation nor limits how it is to exercise its broad powers to determine a tenant's legal rent in the first instance under Section 334-4(E). *See* Code ch. § 334-5(A)(3)(k). In contrast, Section 334-8 directly limits the Board's powers to reconsider a prior legal rent determination. Therefore, pursuant to a plain reading of the Ordinance, the Court notes although the Board cannot decrease a legal rent to an

Accordingly, Palisade Avenue LLC's Motion is **GRANTED**; the 2021 Palisade LRD is **VACATED**; and the matter is **REMANDED** to the Board for additional proceedings consistent with this Opinion.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion is **GRANTED**, the Board's legal rent determination dated April 12, 2021, is **VACATED**; the Board's legal rent determination dated July 8, 2021, is **VACATED**; and the matter is **REMANDED** to the Board for additional proceedings consistent with this Opinion. An appropriate order follows.

**Date: October 28, 2025**                       */s/ Brian R. Martinotti*_____
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**

---

amount below a prior legal rent determination without reconsidering same under Section 334-8, the Board may not be required to utilize the prior legal rent determination in determining a tenant's legal rent under Section 334-5(A)(3)(k). *But see Rivkin*, 671 A.2d at 581 (setting aside a Board's decision if found to be "arbitrary, capricious, and unreasonable").