<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OM 309-311 6th STREET, LLC and OM 1101-1109 PALISADE AVENUE, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>THE CITY OF UNION CITY, UNION CITY RENT STABILIZATION BOARD AKA THE CITY OF UNION CITY RENT LEVELING BOARD,<br><br>        Defendant. | Case No. 2:21-cv-12501 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant the City of Union City Rent Stabilization Board a/k/a the City of Union City Rent Leveling Board's (the "Board") Motion for Partial Reconsideration (ECF No. 139) of the Court's October 28, 2025 Order (ECF No. 135) granting Plaintiff OM 1101-1109 Palisade Avenue, LLC's ("Palisade Avenue LLC") motion for dispositive relief (ECF No. 131) on Count Six (Palisade Avenue LLC's action in lieu of prerogative writ) of the Amended Complaint requesting the Court to vacate the Board's legal rent determination dated July 8, 2021 (the "2021 Palisade LRD") pursuant to Local Civil Rule 7.1(i).[1] Palisade Avenue LLC filed an Opposition.

---

[1] The October 28, 2025 Order also granted Plaintiff OM 309-311 6th Street, LLC's ("Sixth Street LLC") motion for dispositive relief on Count Five (Sixth Street LLC's action in lieu of prerogative writ) of the Amended Complaint requesting the Court to vacate the Board's legal rent determination dated April 12, 2021 (the "2021 Sixth LRD"). (ECF No. 135.) The Motion for Partial Reconsideration requests the Court to reconsider the October 28, 2025 Order as it pertains to the 2021 Palisade LRD only and does not request the Court to reconsider the order as it pertains to the 2021 Sixth LRD. (*See generally id.*)

(ECF No. 146.) This Court has jurisdiction pursuant to 42 U.S.C. § 1367(a).[2] Having reviewed and considered the parties' submissions filed in connection with the motion and having declined to hold oral argument in accordance with Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause shown, the Board's Motion for Partial Reconsideration is **DENIED**.

## I.    BACKGROUND

The underlying procedural and factual history of this matter are set forth in this Court's October 28, 2025 Opinion granting Palisade Avenue LLC motion for dispositive relief and vacating the 2021 Palisade LRD. *See generally OM 309-311 6th St., LLC v. City of Union City (OM 309-311 6th St. II)*, Civ. A. No. 21-12501, 2025 WL 3012258, at *1–4 (D.N.J. Oct. 28, 2025); *see also OM 309-311 6th St., LLC v. City of Union City (OM 309-311 6th St. I)*, Civ. A. No. 21-12051, 2022 WL 855769, at *1–8 (D.N.J. Mar. 23, 2022). As the parties are intimately familiar with the facts and procedural history of this matter, the Court incorporates the extensive procedural and factual background sections set forth in the October 28, 2025 Opinion, *see OM 309-311 6th St. II*, 2025 WL 3012258, at *1–4, and recounts and supplements only the relevant portions herein.

### A. Factual Background

Palisade Avenue LLC alleges the Board reduced the "legal rent" of 1101-1109 Palisade Avenue tenant—Ramon Gracesqui ("Gracesqui")—in conflict with the legal framework of Union City's Rent Leveling Ordinance (the "Ordinance"), Union City, N.J., Code ch. 334 (am. 2019) [hereinafter, "Code ch."]. *OM 309-311 6th St. II*, 2025 WL 3012258, at *2. In January 2019,

---

[2] On March 23, 2022, this Court dismissed Counts One through Three but retained supplemental jurisdiction over the matter "as they form part of the same case or controversy as the plaintiffs' taking claim," *i.e.*, Count Four. *OM 309-311 6th St., LLC v. City of Union City (OM 309-311 6th St. I)*, Civ. A. No. 21-12051, 2022 WL 855769, at *16 (D.N.J. Mar. 23, 2022).

Palisade Avenue LLC purchased the multi-unit apartment building located at 1101-1109 Palisade Avenue, Union City, New Jersey ("1101 Palisade Avenue"). (ECF No. 131 ¶¶ 13, 39; ECF No. 132 at 9.) In June 2019, Gracesqui requested a legal rent determination relating to his apartment unit—Unit 2. (*See* ECF No. 131 ¶¶ 40, 46; ECF No. 132 at 9; ECF No. 131-15.) At the time, Unit 2 was leased at $1,650/month. (ECF No. 131 ¶¶ 40–42; ECF No. 132 at 9.) The Rent Regulation Officer ("RRO") subsequently determined the appropriate legal rent was $1,041.49/month effective October 1, 2019. (*See* ECF No. 131-15; ECF No. 131 ¶ 46; ECF No. 132 at 9.) On August 11, 2020, the RRO notified Palisade Avenue LLC of its determination, which Palisade Avenue LLC timely appealed. (ECF No. 131-15; ECF No. 131 ¶¶ 46–47; ECF No. 132 at 9.)

On May 24, 2021, the Board heard Palisade Avenue LLC's appeal. (ECF No. 131 ¶ 48; ECF No. 132 at 9–11; *see generally* ECF No. 131-17.) During the hearing, Palisade Avenue LLC noted that the legal rent calculation ignored the 2016 Palisade LRD in conflict with Section 334-5(A)(3)(k) of the Ordinance. (*See* ECF No. 131-17 at 6–9, 115–18; ECF No. 131 ¶¶ 43–45, 49; ECF No. 132 at 9–11.) In response, the Board found the 2016 Palisade LRD was not related to the subject property of 1101 Palisade Avenue but rather was related to the adjacent property of 1103 Palisade Avenue. (ECF No. 131-17 at 121–29; ECF No. 131 ¶ 50; ECF No. 132 at 11–12.) In support of same, the Board noted the 2016 Palisade LRD was calculated based on a rental unit renovation allowance application filed in 2013 (the "2013 RURA"), which did not relate to the property of 1101 Palisade Avenue but rather related to the property of 1103 Palisade Avenue. (ECF No. 132 at 10–12; ECF No. 131 ¶ 50.) Based on the alleged absence of a more recent legal rent determination, the Board upheld the legal rent calculation of $1,041.49/month. (ECF No. 131-17 at 121–29; ECF No. 131 ¶ 52; ECF No. 132 at 11–12.) On July 8, 2021, the Board issued a

resolution memorializing its decision (the "2021 Palisade LRD"). (ECF No. 131 ¶ 52; ECF No. 132 at 11–12; ECF No. 131-18.)

**B. Procedural History**

On June 14, 2021, Sixth Street LLC filed its Complaint, alleging five causes of action against Union City, the Board, its members, the city's mayor, and other city officials. (ECF No. 1.) On August 21, 2021, the pleading was amended to add Palisade Avenue LLC; the Stella on Park, LLC; Golden Crest 3347 Park Avenue, LLC; OM 422-426 5th Street, LLC; OM 309-315 11th Street, LLC; and OM 812 York Avenue, LLC, as additional plaintiffs and Yoelis Marte as an additional defendant. (*See* ECF No. 17.) The Amended Complaint also added Count Six appealing the Board's denial of OM 1101-1109 Palisade Avenue's appeal. (*See id.* ¶¶ 260–61.) In response, Defendants filed motions to dismiss (ECF Nos. 30, 31, 32), which plaintiffs opposed (ECF No. 37).

On March 23, 2022, the Court denied in part and granted in part the motions to dismiss. *See OM 309-311 6th St. I*, 2022 WL 855769, at *17. Specifically, the Court dismissed Counts One, Two, and Three, effectively dismissing plaintiffs the Stella on Park, LLC; Golden Crest 3347 Park Avenue, LLC; OM 422-426 5th Street, LLC; OM 309-315 11th Street, LLC; OM 812 York Avenue, LLC; and the individual defendants from the matter. *See id.* The Court, however, declined to dismiss Counts Four, Five, and Six, preserving for discovery the Takings Clause claim against Union City; and Sixth Street LLC and Palisade Avenue LLC's (collectively, "Plaintiffs") respective appeals against the Board. *See id.*

After numerous extensions, discovery ultimately concluded in this matter on December 13, 2024. (*See* ECF Nos. 121, 124.) Although the Court ordered the parties to complete mediation before a Court appointed mediator (*see* ECF No. 126), on February 11, 2025, the parties advised

the Court they had failed to complete same (*see* ECF No. 127). Pursuant to the parties' position that settlement is untenable at this juncture and request to proceed with dispositive motion practice, the Court ordered a briefing schedule (*see* ECF No. 128), which was subsequently extended (*see* ECF Nos. 129, 130).

On May 29, 2025, Plaintiffs filed a motion for dispositive relief as to Counts Five and Six of the Amended Complaint. (ECF No. 131.) The Board filed an Opposition (ECF No. 132), and Plaintiffs filed a Reply (ECF No. 133).

On October 28, 2025, the Court entered the Order granting Plaintiffs' motion for dispositive relief as to Counts Five and Six of the Amended Complaint. (ECF No. 135.) In relevant part, the Court held the 2021 Palisade LRD deviated from the legal framework of the Ordinance as the Board did not have the authority to reconsider the most recent legal rent determination—the 2016 Palisade LRD—absent a finding of "new evidence" in support of same under Section 334-8. *See OM 309-311 6th St. II*, 2025 WL 3012258, at \*9–10.

On November 12, 2025, the Board filed the Motion for Partial Reconsideration requesting the Court to reconsider the holding the Board did not have the authority to reconsider the 2016 Palisade LRD pursuant to Local Civil Rule 7.1(i). (ECF No. 139.) Palisade Avenue LLC filed an Opposition on December 31, 2025. (ECF No. 146; *see also* ECF Nos. 140, 141, 143, 144, 145 (extending time to file opposition).)

## II.   LEGAL STANDARD

While not expressly authorized by the Rules, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at \*1 (D.N.J. Jan 13, 2010); *see also* L. Civ. R. 1.1(a) (stating the Local Civil Rules supplement the Federal Rules of Civil Procedure and "are applicable in all proceedings

when not inconsistent therewith"). "[R]econsideration is an extraordinary remedy[] that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *accord Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). Therefore, a moving party must

6

demonstrate "(1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." (citation omitted)).

## III.    DECISION

As an administrative agency, a municipal rent control board is a creature of legislation. *See New Jersey Dep't of Lab. v. Pepsi-Cola Co.*, 784 A.2d 64, 65 (N.J. 2001); *Heyert v. Taddese*, 70 A.3d 680, 704 (N.J. Super. Ct. App. Div. 2013). As such, the board's "powers are limited to those expressly granted by statute or those fairly implied as necessary to carry out their assigned function." *Pepsi-Cola Co.*, 784 A.2d at 65; *see also In re Virtua-W. Jersey Hosp. Voorhees for a Certificate of Need*, 945 A.2d 692, 698 (N.J. 2008) ("[T]he breadth of an agency's authority encompasses all express and implied powers necessary to fulfill the legislative scheme that the agency has been entrusted to administer."); *Cammarata v. Essex Cnty. Park Comm'n*, 140 A.2d 397, 401 (N.J. 1958) ("The grant of an express power is always attended by the incidental authority fairly and reasonably necessary or appropriate to make it effective."). However, implied powers

7

are not boundless.[3] *Pepsi-Cola Co.*, 784 A.2d at 65. "A municipal rent control board is generally expected to follow the provisions of its own ordinance" and "may [not] arrogate to itself the authority to accomplish ends not envisaged by the legislative grant or to employ means not fairly within the powers that have been bestowed." *Heyert*, 70 A.3d at 704 (quoting *Knight v. Hoboken Rent Leveling & Stabilization Bd.*, 753 A.2d 1231, 1234 (N.J. Super. Ct. App. Div. 2000)).

Here, the Board moves to reconsider the October 28, 2025 Order based on clear errors of law and to prevent manifest injustice under Local Civil Rule 7.1.[4] (*See* ECF No. 139-1 at 5–7, 12–15.) Specifically, the Board argues the Court's holding that the Board did not have the authority to reconsider the 2016 Palisade LRD was a legal error because the Board has the express power to

---

[3] There appears to be a split among the New Jersey courts as to whether an administrative agency has both implied and inherent powers or just implied powers. *Compare In re Van Orden*, 891 A.2d 1257, 1262 (N.J. Super. Ct. App. Div. 2006) ("[T]he Board had the inherent power upon a showing of good cause to reopen its proceeding to approve the change."), *with Knight v. Hoboken Rent Leveling & Stabilization Bd.*, 753 A.2d 1231, 1234 (N.J. Super. Ct. App. Div. 2000) ("No administrative agency has inherent power . . . ."); *accord Heyert*, 70 A.3d at 704. The Court does not attempt to distinguish between implied and inherent powers and will simply refer to the Board's non-express powers as implied powers within this Opinion.

[4] The Board also requests the Court to reconsider its defense of failure to join a necessary and indispensable party under Rule 19 or New Jersey Court Rule 4:28-1. (ECF No. 139-1 at 15–18.) In footnotes in its opposition, the Board argued both Puente and Gracesqui are necessary and indispensable parties. (*See* ECF No. 132 at 8 n.1, 14 n.3.) However, "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *Springer v. Comm'r Soc. Sec.*, No. 20-2861, 2021 WL 4796379, at *2 (3d Cir. Oct. 14, 2021) (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)); *accord Joyce v. Jaguar Land Rover N. Am., LLC*, 768 F. Supp. 3d 674, 697 n.30 (D.N.J. 2025). Furthermore, as the Board failed to raise the defense in its responsive pleading (*see generally* ECF No. 55), it waived the right to raise the defense for the first time in its opposition three years later, *see UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 389, 391 (D.N.J. 1995) ("[T]he defense of failure to join necessary parties is waived if not pleaded . . . ."); *accord Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2d Cir. 1994); *Citibank, N.A. v. Oxford Properties & Finance Ltd.*, 688 F.2d 1259, 1263 n. 4 (9th Cir. 1982); *State Farm Mutual Automobile Ins. Co. v. Mid–Continent Casualty Co.*, 518 F.2d 292, 294 (10th Cir. 1975). Accordingly, the Board's request to reconsider the defense of failure to join a necessary and indispensable party under Rule 19 is **DENIED**.

reconsider a prior decision under a broader interpretation of the Ordinance (*id.* at 12–14); and has the implied power to reconsider same under well-established New Jersey caselaw[5] (*id.* at 14–15). The Court reviews each argument in turn.

### A.      Expressed Power to Reconsider

First, the Board moves for reconsideration of the Court's determination that the Board does not have the express power to reconsider a prior decision as the determination based on a clear error of law and would result in manifest injustice. (*See id.* at 12–14.) Specifically, the Board argues a literal interpretation of the language of the Ordinance is inconsistent with its overall goal to "regulate, control, and stabilize rents." (*See id.* (quoting Code ch. § 334-1D).)

An interpretation of an ordinance is a question of law. *Dunbar Homes, Inc. v. Zoning Bd. of Adjustment*, 187 A.3d 142, 149 (N.J. 2018). "In construing the language of an ordinance, it is well established that courts apply the same rules of judicial construction as they apply when construing statutes." *AMN, Inc., of N.J. v. Twp. of S. Brunswick Rent Leveling Bd.*, 461 A.2d 1138, 1141 (N.J. 1983) (citing *Camarco v. City of Orange*, 295 A.2d 353, 354 (N.J. 1972); 1A Sands, *Sutherland, Statutory Construction* § 30.06 (4th ed. 1972)). Therefore, the Court is required to

---

[5] Alternatively, the Board requests the Court to vacate the 2016 Palisade LRD. (ECF No. 139-1 at 6–7, 14.) However, a motion for reconsideration can only address issues of fact or law originally presented in the underlying motion. *See Cottrell v. Good Wheels*, Civ. A. No. 08-1738, 2011 WL 3361522, at *2 (D.N.J. Aug. 3, 2011), *aff'd*, 458 F. App'x 98 (3d Cir. 2012) (citing *Student Pub. Int. Grp. v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J.)); *see also Bowers,* 130 F. Supp. 2d at 613 ("[S]uch motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."); *Rastelli Bros., Inc. v. Netherlands Ins.,* 68 F.Supp.2d 448, 449–50 (D.N.J. 1999) ("Arguments overlooked by counsel (as opposed to those overlooked by the Court) are not a proper basis for reargument."); *Lampon-Paz v. Dep't of Just.*, Civ. A. No. 16-9071, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017) ("[A]rguments that were available [but not raised] at the time of the original decision will not support a motion for reconsideration."). As the Board did not present its' request to vacate the 2016 Palisade LRD in connection with the underlying motion (*see generally* ECF No. 132), the Court cannot address the request in connection with the Motion for Partial Reconsideration.

interpret an ordinance "in light of the language used and the objects sought to be achieved." *Paff v. Byrnes*, 897 A.2d 1136, 1139 (N.J. Super. Ct. App. Div. 2006) (quoting *Twp. of Pennsauken v. Schad*, 733 A.2d 1159, 1166 (N.J. 1999)).

To make this determination, the Court must "look first to the plain language of the [ordinance], seeking further guidance only to the extent that the [governing body's] intent cannot be derived from the words that it has chosen." *In re Petition for Referendum on City of Trenton Ordinance 09–02*, 990 A.2d 1109, 1115 (N.J. 2010) (internal quotations omitted); *see also O'Connell v. State*, 795 A.2d 857, 859 (N.J. 2002) (stating the Court "may neither rewrite a plainly-written enactment of the [governing body] nor presume that the [governing body] intended something other than that expressed by way of the plain language" (internal quotation marks omitted)); *Burnett v. Cnty. of Bergen*, 968 A.2d 1151, 1158 (N.J. 2009) (holding an ordinance "must be read in [its] entirety; each part or section should be construed in connection with every other part or section to provide a harmonious whole" (internal quotation marks omitted)). If the plain language of the ordinance is "clear and explicit," the Court may not consider extrinsic materials to determine whether the drafters "intended something other than what it actually expressed." *Avalon Manor Improvement Ass'n, Inc. v. Twp. of Middle*, 850 A.2d 566, 583 (N.J. Super. Ct. App. Div. 2004) (quoting *Gauntt v. City of Bridgeton*, 477 A.2d 381, 389 (N.J. Super. Ct. App. Div. 1984)).

Here, the plain language of the Ordinance is "clear and explicit." Section 334-8 provides, in relevant part, "[t]he Board, on its own motion, may reconsider any of its prior determinations, or those of the [RRO], upon a finding that there is new evidence not readily available at the time of the prior determination." Notably, the Board concedes the "literal" interpretation of the plain language of Section 334-8 bars the Board from reconsidering a prior order absent a finding of "new

10

evidence." (ECF No. 139-1 at 5–6 (referring to the interpretation as "overly literal")); *see* Black's Law Dictionary (12th ed. 2024) (defining "literal" as "[a]ccording to expressed language"). Therefore, as the Board does not deny the plain language of the Ordinance is "clear and explicit," the Court is required to presume the plain language accurately expresses the intent of Union City and may not broaden the language without inherently rewriting the Ordinance in conflict with same. *See Avalon Manor Improvement Ass'n*, 850 A.2d at 583; *O'Connell*, 795 A.2d at 859. Accordingly, as the Ordinance expressly restricts the power to reconsider a prior decision to circumstances involving "new evidence," the Board does not have an express power to reconsider a prior decision absent same.[6]

---

[6] The Board also argues in the first instance the matter involves circumstances the drafters did not consider or contemplate and, as such, the Court was required to defer to the Board's interpretation of the language. (*See* ECF No. 139-1 at 12–14; *see also generally* ECF No. 132.) It is well-established, if the relevant ordinance language is ambiguous and the matter involves circumstances the drafters clearly neither considered nor contemplated, the reviewing court is required to interpret the ordinance consistent "with the probable intent of the draftsman had he [or she] anticipated the situation at hand." *AMN*, 461 A.3d at 1139–41 (quoting *J.C. Chap. Prop. Owner's etc. Assoc. v. City Council*, 259 A.2d 698, 706 (N.J. 1969)). Under such circumstances, "an interpretation will not 'turn on literalisms, technisms or the so-called rules of interpretation; [rather] it will justly turn on the breadth of the objectives of the legislation and the commonsense of the situation.'" *Id.* (alteration in original) (quoting *J.C. Chap. Prop. Owner's*, 259 A.2d at 704); *see also DePetro v. Twp. of Wayne Plan. Bd.*, 842 A.2d 266, 274–75 (N.J. Super. Ct. App. Div. 2004) ("In doing so, [the court] give[s] deference to a [governing body]'s informed interpretation of its ordinances, while nevertheless construing the ordinance *de novo*." (quoting *Wyzykowski v. Rizas*, 603 A.2d 53, 59 (N.J. Super. Ct. App. Div. 1992))). However, if the relevant ordinance language is not ambiguous, then the reviewing court is required to enforce the ordinance as written without deference to the governing body or board's interpretation or consideration of whether the draftsman "intended something other than what it actually expressed." *Avalon Manor Improvement Ass'n*, 850 A.2d at 583 (quoting *Gauntt*, 477 A.2d at 389); *see also Schulmann Realty Grp. v. Hazlet Twp. Rent Control Bd.*, 675 A.2d 645, 649 (N.J. Super. Ct. App. Div. 1996) ("A reviewing court may reject an interpretation of an ordinance by the governing body or rent control board which conflicts with the plain language, particularly if the meaning of the ordinance is clear on its face."); *Liberty Terrace, LLC v. Rent Leveling Bd. of Twp. of N. Bergen*, No. A-3917-09T2, 2011 WL 1466178, at *3 (N.J. Super. Ct. App. Div. Apr. 18, 2011) ("[D]eference does not apply to a board's interpretation of an ordinance. '[T]he interpretation of an ordinance constitutes a purely legal matter for which an administrative agency has no particular skills superior to a trial court . . . .'" (internal citation and quotation marks omitted)); *Park Tower Apts. Inc. v. City of*

### B.    Implied Power to Reconsider

Next, the Board moves to reconsider the Court's determination that the Board does not have an implied power to reconsider a prior decision as the determination is based on a clear error of law. (*See* ECF No. 139-1 at 14–15.) Specifically, the Board argues an administrative agency has an implied power to reopen or modify a prior decision. (*Id.* at 14.)

The New Jersey courts have routinely recognized an administrative agency has an implied power to reconsider a previously entered decision "in the absence of legislative restriction." *Williams v. Bd. of Trs., Pub. Employees' Ret. Sys.*, No. A-1316-21, 2024 WL 1670617, at *5 (N.J. Super. Ct. App. Div. Apr. 18, 2024) (quoting *Duvin v. N.J. Dep't of Treasury, Pub. Emps.' Ret. Sys.*, 386 A.2d 842, 843–44 (N.J. 1978)). This implied power may be generally invoked only "upon a showing of good cause, reasonable grounds, and reasonable diligence." *Minsavage v. Bd. of Trs., Teachers' Pension & Annuity Fund*, 220 A.3d 465, 469 (N.J. 2019); *see also Lambert v. Borough of Beach Haven*, No. A-0555-19T4, 2020 WL 2550019, at *5 (N.J. Super. Ct. App. Div. May 20, 2020) ("Good cause may be established by showing that reopening proceedings would 'serve the ends of essential justice and the policy of the law.'" (quoting *In re Van Orden*, 891 A.2d 1257, 1262 (N.J. Super. Ct. App. Div. 2006))).

Here, the Board does not have an implied power to reconsider a prior decision because such power is specifically limited by a restriction in the Ordinance. Section 334-8 provides, in relevant part, "[t]he Board, on its own motion, may reconsider any of its prior determinations, or those of the [RRO], upon a finding that there is new evidence not readily available at the time of

---

*Bayonne*, 447 A.2d 1359, 1367 (N.J. Super. Law Div. 1982) (holding a rent control board must exercise its powers "in strict conformity with the [relevant] ordinance"). As the plain language of the Ordinance is "clear and explicit," the Court is required to enforce the language as written without deference to the Board's interpretation or consideration of the probable intent of the draftsman under the circumstances.

the prior determination." Notably, the New Jersey Supreme Court recognized the implied power to reconsider a prior decision before the Ordinance was initially adopted in 1973. *See OM 309-311 6th St. II*, 2025 WL 3012258, at *5 (citing *OM 309-311 6th St. I*, 2022 WL 855769, at *1); *see also, e.g.*, *Burlington Cnty. Evergreen Pk. Mental Hosp. v. Cooper*, 267 A.2d 533, 545 (N.J. 1970) (citing *Handlon v. Town of Belleville*, 71 A.2d 624 (N.J. 1950)). Following its adoption, the Ordinance was repeatedly amended, including in 1996, 2013, 2017, 2018, 2019, and 2023. (*See* ECF No. 134 at 10 n.11.) Although the record does not indicate as to when the relevant language may have been added to Section 334-8, the record establishes the language was not included in or prior to 1996. (*Compare generally* ECF No. 131-3, *with* ECF No. 131-4.) As it is well-established the Board had the power to reconsider a prior decision for good cause before Union City added the relevant language to Section 334-8, which the Board concedes (*see, e.g.*, ECF No. 139-1 at 15 (describing the implied power to reconsider as "settled" law)), the sole purpose in adding same was to restrict the circumstances in which the Board could exercise the power to reconsider a prior decision. Accordingly, as the Ordinance expressly restricts the power to reconsider a prior decision to circumstances involving "new evidence," the Board does not have an implied power to reconsider a prior decision absent same. *See Williams*, 2024 WL 1670617, at *5 (providing an administrative agency with an implied power to reconsider only in the absence of an express restriction).

Therefore, the Board's Motion for Partial Reconsideration of the Court's October 28, 2025 Order based on a clear legal error is **DENIED**.

13

## IV.    CONCLUSION

For the reasons set forth above, the Board's Motion for Partial Reconsideration (ECF No. 139) of the Court's October 28, 2025 Order is **DENIED**. An appropriate order follows.


**Date: February 24, 2026**                    */s/ Brian R. Martinotti*

                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**